©COPY

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
11 MAR 17 PM 4:11
BY: ___

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     Shon Morgan (Bar No. 187736)
      shonmorgan@quinnemanuel.com
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
5
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
6     Margret M. Caruso (Bar No. 243473)
      margretcaruso@quinnemanuel.com
7   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

9   Attorneys for COLGATE-PALMOLIVE COMPANY

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13                                    SACV11-00438 JST (FFMx)

14  TRACY NIEBLAS, an individual, on      CASE NO.
    behalf of herself and all others similarly
15  situated, and ROES 1 through 100,     NOTICE OF REMOVAL OF
    inclusive,                             ACTION TO FEDERAL COURT
16
             Plaintiffs,                   [Diversity Jurisdiction, 28 U.S.C.
17                                         §§ 1332(d)(2), 1441, 1446 and 1453]
         vs.
18
    COLGATE-PALMOLIVE
19  COMPANY, a Delaware corporation;
    and DOES 1 through 100, inclusive,
20
             Defendants.
21

22

23          TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES,
24  AND THEIR ATTORNEYS OF RECORD:
25          PLEASE TAKE NOTICE that defendant Colgate-Palmolive Company
26  (collectively, "Colgate") hereby removes this action to the United States District
27

28

03981.62090/3996259.2

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Filed
on demand
without
CN-30

Court for the Central District of California, and in support thereof, respectfully

shows the Court as follows:

## STATEMENT OF THE CASE

1.     Plaintiff seeks to certify a class of "[a]ll persons in the State of

California who purchased Softsoap Antibacterial Hand Soap products within four

years prior to the filing of this complaint." (Class Action Compl. ("Compl.") ¶ 19).

Plaintiffs allege that defendants engaged in "fraudulent, deceptive, false and

otherwise improper advertising, sales and marketing practices" regarding its

Softsoap Antibacterial Hand Soap. (Compl. ¶ 3).

2.     Plaintiff seeks, on behalf of herself, and the purported class, an order

certifying the class, declaratory relief, restitution, a temporary restraining order and

injunctive relief, and attorneys' fees and costs. (Compl., Prayer for Relief).

3.     The Complaint was filed on February 4, 2011, and is removable under

the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and

1453(b). Colgate has satisfied all procedural requirements of 28 U.S.C. § 1446 and

thereby removes this action to the United States District Court for the Central

District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## THE REQUIREMENTS FOR REMOVAL
## UNDER CAFA ARE SATISFIED

4.     CAFA fundamentally changed the legal standards governing removal

jurisdiction. Believing that state courts were not adequately protecting defendants

against class action abuses, Congress explicitly stated that CAFA's "provisions

should be read broadly, with a strong preference that interstate actions should be

heard in a federal court." S. Rep. No. 109-14, at 43 (2005). Congress instructs

district courts to "err in favor of exercising jurisdiction." *Id.* at 42. As shown

1 | below, the requirements for diversity jurisdiction under CAFA, 28 U.S.C.

2 | § 1332(d)(2), are satisfied.

3 |   5. ***Class Action.*** This lawsuit is a class action as defined by 28 U.S.C.

4 | § 1332(d)(1)(B).  CAFA defines a "class action" as "any civil action filed under

5 | Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of

6 | judicial procedure authorizing an action to be brought by 1 or more representative

7 | persons as a class action."  *Id.*  Plaintiff styles her complaint a "Class Action" and

8 | alleges that she brings it "on behalf of herself and all others similarly situated" who

9 | purchased Colgate's "Softsoap" antibacterial liquid hand soap products.  (Compl.

10 | ¶ 1).  Plaintiffs also allege that "[t]his action may be properly maintained as a class

11 | action pursuant to California Code of Civil Procedure Section 382 and Civil Code

12 | Sections 1752, 1780 and 1781."  (Compl. ¶ 18).

13 |   6. ***Diversity of Citizenship.*** At the time this lawsuit was filed and as of

14 | the date of this notice, defendant Colgate was and is a Delaware corporation with its

15 | principal place of business in New York, New York.  (*Id.* at ¶ 8).  At the time of the

16 | filing of this action and as of the date of this notice, named plaintiff Tracy Nieblas

17 | was and is a resident (and, on information and belief, a citizen) of the County of

18 | Orange in the State of California.  (*Id.* at ¶ 7).  Plaintiff seeks the certification of a

19 | class of persons in the State of California.  (*Id.* at ¶ 19).  Because at least one

20 | member of the proposed class is from California, and therefore a citizen of a state

21 | different from New York or Delaware, of which Colgate is a citizen, the diversity

22 | requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

23 |   7. ***Amount in Controversy.*** Colgate denies that plaintiff or the putative

24 | class are entitled to damages in this lawsuit.  Colgate further contests plaintiff's

25 | assessment of the proper measure of damages.  However, the matter alleged to be in

26 | controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,

27 | satisfying the amount in controversy requirement of 28 U.S.C. § 1332(d)(2).  The

28 | Complaint seeks relief that includes:

1         (1)    Restitution;

2         (2)    Injunctive Relief; and

3         (3)    Attorneys' fees and all litigation expenses.

4 (Compl., Prayer for Relief). Aggregation of these potential damages and expenses

5 brings this matter within the purview of CAFA.

6      Under CAFA, the amount in controversy is determined by aggregating the

7 claims of all individual class members. 28 U.S.C. § 1332(d)(6). A court must

8 "assume that the allegations of the complaint are true and assume that a jury will

9 return a verdict for the plaintiff on all claims made in the complaint." *Kenneth*

10 *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D.

11 Cal. 2002) (internal quotations omitted); *see also Theis Research, Inc. v. Brown &*

12 *Bain*, 400 F.3d 659, 664 (9th Cir. 2005) ("The question is not whether [the

13 defendant] was successful in its . . . defense. The question is whether the amount of

14 damages [the plaintiff] claimed in its complaint was asserted in good faith; if so, that

15 amount controls for purposes of diversity jurisdiction."). Thus, it is irrelevant to

16 assessing the amount in controversy that Colgate denies liability and denies that

17 plaintiffs are entitled to the type and amount of relief requested. Rather, the Court

18 should consider that plaintiff seeks restitutionary damages in the amount of a refund

19 of the purchase price of Softsoap Antibacterial Hand Soap, in addition to other

20 monetary claims. During the class period, Colgate earned in excess of five million

21 dollars from the sale of Softsoap Antibacterial Hand Soap in the state of California.

22      In addition, plaintiffs' demand for attorneys' fees supports a finding that the

23 jurisdictional threshold of the amount in controversy is satisfied. Attorneys' fees, if

24 authorized by statute or contract, are part of the calculation of the amount in

25 controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The

26 litigation of this California class action is likely to be complex.

27      8.    ***Number of Proposed Class Members.*** Although Colgate denies that its

28 advertising, marketing, and/or sales are improper and also denies that plaintiff's

1   definition of the class can qualify for class certification, plaintiff seeks certification

2   of a class of all persons in the State of California who purchased Softsoap

3   Antibacterial Hand Soap products within four years prior to the filing of this

4   Complaint." (Compl. ¶ 19). Plaintiff is "informed and believes that the Class

5   consists of thousands of persons through the State of California who purchased

6   Softsoap Antibacterial Hand Soap products." (Compl. ¶ 20) Accordingly, the

7   action satisfies the requirement of 28 U.S.C. § 1332(d)(5)(B) that the proposed class

8   include at least 100 persons.

9       9.   ***Timeliness.*** This removal notice is timely filed as required by

10   28 U.S.C. § 1446(b). Colgate was served with the Class Action Complaint on

11   February 15, 2011, and files this notice within thirty days after receipt of the

12   Complaint.

13       10.   ***Exceptions Do Not Apply.*** The exceptions to removal under 28 U.S.C.

14   §§ 1332(d) and 1453 do not apply.

## THE OTHER PROCEDURAL REQUISITES
## FOR REMOVAL ARE SATISFIED

17       11.   Colgate has complied with 28 U.S.C. §§ 1446(a) & (d). Under

18   28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, or

19   orders on file in the state court or served on Colgate in the state court are attached as

20   Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a

21   copy of this notice of removal attached, has been filed with the clerk of the Superior

22   Court of the State of California, County of Orange County, Case No. 30-2011-

23   00447625-CU-BT-CXC, and Colgate has served a notice of filing of removal, with a

24   copy of the notice of removal attached, on plaintiff's attorney. Copies of the notice

25   and the certificate of service of the notice to plaintiffs and the Superior Court of the

26   State of California, County of Los Angeles, are attached as Exhibit B.

27

28

## **CONCLUSION**

By this notice, Colgate does not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Colgate intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. Colgate prays that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that Colgate obtain all additional relief to which it is entitled.

DATED: March 17, 2011

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _Shon Morgan /UK_

Shon Morgan
Attorneys for Colgate-Palmolive Company

# Exhibit  A

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Matthew Butler (201781)<br>Nicholas & Butler<br>225 Broadway, 19th Floor<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-325-0492   FAX NO.: 619-325-0496<br>ATTORNEY FOR *(Name):*  Plaintiff | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**02/04/2011** at 10:00:57 AM<br>Clerk of the Superior Court<br>By Maarit H Nordman, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 West Santa Ana Blvd
MAILING ADDRESS: 751 West Santa Ana Blvd
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex

CASE NAME:  Nieblas v. Colgate-Palmolive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2011-00447625-CU-BT-CXC |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: Judge Nancy Wieben Stock |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*  4: Violation of Civ Code 1750, Violation of Bus & Prof Code 17200 & 17500 and Negligent Misrepresentation
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 4, 2011

Matthew Butler (201781)
_____   ▶ _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**  Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** COLGATE-PALMOLIVE COMPANY, a
*(AVISO AL DEMANDADO):* Delaware corporation; and DOES 1
through 100

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**02/04/2011** at 10:00:57 AM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** TRACY NIEBLAS, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, on
behalf of herself and all others similarly situated,
and ROES 1 through 100

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court, Civil Complex Center
751 West Santa Ana Blvd
751 West Santa Ana Blvd
Santa Ana, CA 92701

CASE NUMBER
*(Número del Caso):* 30-2011-00447625-CU-BT-CXC

Judge Nancy Wieben Stock

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Butler (201781)          619-325-0492        619-325-0496
Nicholas & Butler
225 Broadway, 19th Floor
San Diego, CA 92101

DATE:
*(Fecha)* 02/04/2011   ALAN CARLSON, Clerk of the Court   Clerk, by _Mews Nuller_, Deputy
                                    *(Secretario)*                                                  *(Adjunto)*
                                                                                Maarit H Nordman

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  **NICHOLAS & BUTLER, LLP**
   Matthew B. Butler (SBN 201781)
2  225 Broadway, 19th Floor
   San Diego, California 92101
3  Telephone:   (619) 325-0492
   Facsimile:   (619) 325-0496
4
   Attorneys for Plaintiff
5

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/04/2011** at 10:00:57 AM

Clerk of the Superior Court
By Maarit H Nordman,Deputy Clerk

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF ORANGE**

10                                                    Judge Nancy Wieben Stock

11   TRACY NIEBLAS, an individual, on behalf   )   CASE NO.:   30-2011-00447625-CU-BT-CXC
     of herself and all others similarly situated,  )
12   and ROES 1 through 100, inclusive,         )   **CLASS ACTION**
                                                )
13                     Plaintiffs,              )   **COMPLAINT FOR**
                                                )
14   vs.                                        )   **(1)  VIOLATION OF CIVIL CODE**
                                                )        **SECTION 1750 ET. SEQ. ("CLRA")**
15                                              )
     COLGATE-PALMOLIVE COMPANY, a               )   **(2)  NEGLIGENT**
16   Delaware corporation; and DOES 1 through   )        **MISREPRESENTATION;**
     100, inclusive,                            )
17                                              )   **(3)  VIOLATION OF CALIFORNIA**
18                     Defendants.              )        **BUSINESS AND PROFESSIONS**
                                                )        **CODE SECTION 17200 ET. SEQ.**
19                                              )        **("UCL"); and**
                                                )
20                                              )   **(4)  VIOLATION OF CALIFORNIA**
                                                )        **BUSINESS AND PROFESSIONS**
21                                              )        **CODE SECTION 17500 ET. SEQ.**
                                                )
22                                              )
                                                )
23   _____        )   **(Jury Trial Demanded)**

24

25

26

27

28

**N&B**
Attorneys At Law
San Diego                         CLASS ACTION COMPLAINT

1   Plaintiff Tracy Nieblas individually and on behalf of all others similarly situated, hereby

2   complains and alleges on information and belief as follows:

3   <center>I.</center>

4   <center>**INTRODUCTION**</center>

5   1.   This is a class action brought on behalf of all consumers in the United States of

6   America who purchased Defendant Colgate-Palmolive Company's "Softsoap" antibacterial liquid

7   hand soap products (hereinafter "Softsoap Antibacterial Hand Soap"). Defendants marketed and

8   sold Softsoap Antibacterial Hand Soap, targeting health conscious consumers, and extolling

9   purported health benefits of the use of such soap. Defendants claim, among other things, that

10  Softsoap Antibacterial Hand Soap "kills 99% of common germs" and is "clinically proven to

11  eliminate 99% of the germs your family encounters." Defendants expressly and impliedly claim

12  that using Softsoap Antibacterial Hand Soap is better than using hand soap without the

13  "antibacterial" qualities that vendors generally sell at a lower cost than the Softsoap Antibacterial

14  Hand Soap.

15  2.   The active ingredient in Softsoap Antibacterial Hand Soap is Triclosan. There are

16  no reliable studies that show that Triclosan provides any of Defendants' claimed purported benefits

17  by hand-washing with Softsoap Antibacterial Hand Soap over other soaps. According to the U.S.

18  Food and Drug Administration, there is no proof that using "antibacterial" soaps containing

19  Triclosan has any greater benefit than using regular soap and water. In fact, the U.S. Food and

20  Drug Administration warned that animal studies show that Triclosan alters hormone regulation and

21  may contribute to the growth of antibiotic-resistant bacteria.

22  3.   Defendants made these claims in a pervasive pattern of fraudulent, deceptive, false

23  and otherwise improper advertising, sales and marketing practices of its Softsoap Antibacterial

24  Hand Soap. These claims were made through various media, including television commercials,

25  internet and print advertising and Web sites, and on product packaging. Such claims were made to

26  induce Plaintiff and other members of the proposed Class into purchasing Defendant's Softsoap

27  Antibacterial Hand Soap across the country over other brands and types of soap.

28  4.   Defendants' claims about the purported health benefits of the use of Softsoap

1  Antibacterial Hand Soap are deceptive and misleading.  Defendants' made these bold claims in

2  advertising and marketing material, without any reasonable basis for doing so and without

3  substantiating them.  No reliable clinical studies have shown that Defendants' implied and express

4  health representations on the benefits of using Softsoap Antibacterial Hand Soap products are true

5  and/or "clinically proven" to provide such benefits.

6        5.      Defendants continually make references to health benefits and studies in the media,

7  including on its product packaging to the detriment of the Plaintiff and consumers across the

8  United States.

9        6.      By this Complaint, Ms. Nieblas seeks an injunction to halt Defendants' unlawful,

10  unfair, and fraudulent conduct; as well as restitution, and all other appropriate remedies to

11  compensate all similarly-situated purchasers for their loss from the wrongful conduct alleged.

12                                              II.

13                                          PARTIES

14        7.      Plaintiff Tracy Nieblas ("Ms. Nieblas" or "Plaintiff") is an individual who at all

15  times herein relevant resided, and continues to reside in the County of Orange in the State of

16  California.  For years, Ms. Nieblas purchased Softsoap Antibacterial Hand Soap based in part on

17  the Defendants expressed and implied representations about the health benefits of Softsoap

18  Antibacterial Hand Soap over other soaps.  Ms. Nieblas lost money as a result of Defendants'

19  conduct, as she purchased a product she would not have purchased but for the representations and

20  paid more for Defendants' "antibacterial" product than she otherwise would have paid.

21        8.      Defendant Colgate-Palmolive ("Colgate-Palmolive") is a Delaware corporation

22  authorized to business and conducting business in California.  Colgate-Palmolive's corporate

23  headquarters at 300 Park Avenue, New York, New York 10022-7499. Colgate-Palmolive is a

24  publically-traded multinational corporation that manufactures and distributes scores of consumers

25  products around the world, including the United States.

26        9.      Colgate-Palmolive  dishonestly  manufactured,  marketed,  and  sold  Softsoap

27  Antibacterial Hand Soap products, by misrepresenting to its customers that the product would have

28  the health benefits mentioned above. Despite these claims by Defendants' in advertisements and in

**N&B**
ATTORNEYS AT LAW
SAN DIEGO

3

CLASS ACTION COMPLAINT

1  marketing materials, Defendants did not possess or rely upon any reasonable basis that

2  substantiated these purported health benefits.   In fact, no reliable clinical studies support

3  Defendants' implied and express representations about the benefits of Softsoap Antibacterial Hand

4  Soap products.

5        10.    Plaintiff is unaware of the true names, identities or capacities, whether individual,

6  corporate, associate or otherwise, of those Defendants sued herein as DOES 1 through 100,

7  inclusive.  Plaintiff therefore sues said Defendants by such fictitious names.  Plaintiff will seek

8  leave to amend this Complaint to set forth the true names and capacities of these Defendants when

9  they are ascertained.

10        11.    Plaintiff is informed and believes and on that basis alleges that Defendants sued

11  herein as DOES 1 through 100, inclusive, and each of them, are in some way responsible for the

12  acts and events complained of herein, and proximately caused the injuries and damages to Plaintiff

13  which are described in this Complaint.  Plaintiff will seek leave of court to amend this Complaint

14  to more specifically set forth these Defendants' wrongful conduct when it has been ascertained.

15        12.    Plaintiff is informed and believes and on that basis alleges that at all times herein

16  mentioned, Defendants, and each of them, were the parent companies, subsidiary companies,

17  agents and/or employees of the remaining defendants and, in doing the things herein complained

18  of, were acting within the course and scope of such parent/subsidiary relationship, agency and/or

19  employment, and that each and every defendant when acting as a principal, was negligent in the

20  selection and hiring of each and every other defendant as an agent, employee and/or joint venturer.

21  All actions of each defendant as alleged herein were ratified and approved by every other defendant

22  or their officers or managing agents.

23                         **III.**

24              **JURISDICTION AND VENUE**

25        13.    This Court has jurisdiction over all causes of action asserted herein pursuant to the

26  California Constitution, Article VI, § 10.

27        14.    The Court has jurisdiction over each of the individual Defendants because each is

28  an individual who at all times herein relevant resided, and continues to reside in the State of

1  California.

2      15.    The Court has jurisdiction over each of the defendants because each of them is

3  licensed to do business in California, and/or has continuous and systematic business contacts with

4  California, and has sufficiently and purposefully availed themselves of the benefits of doing

5  business within California such that they may reasonably expect to be hailed into California courts.

6      16.    Venue is proper in this County because Plaintiff is informed and believes that

7  Colgate-Palmolive sells its products such as Softsoap Antibacterial Hand Soap products, including

8  but not limited to supermarkets and drug stores in Orange County. Moreover, Plaintiff Nieblas

9  resides in Orange County.

10  <div align="center">**IV.**</div>

11  <div align="center">**CLASS ALLEGATIONS**</div>

12      17.    Plaintiff alleges and incorporates by reference each and every allegation contained

13  above, as if set forth at this point.

14      18.    This action may properly be maintained as a class action pursuant to California

15  Code of Civil Procedure Section 382 and Civil Code Sections 1752, 1780 and 1781.

16      19.    Plaintiff Nieblas brings this Complaint on behalf of the Class. The Class is defined

17  as:

18      All persons in the State of California who purchased Softsoap Antibacterial Hand Soap products within four years prior to the filing of this Complaint.

19  

20      20.    Ms. Nieblas is informed and believes that the Class consists of thousands of persons

21  throughout the State of California who purchased Softsoap Antibacterial Hand Soap products. The

22  members of the Class are so numerous that separate joinder of each member is impractical.

23  However, appropriate discovery can determine the number of class members. The disposition of

24  claims in a class action will provide substantial benefits to the parties and the Court.

25      21.    The claims of the representative Plaintiff raise questions of law and fact that are

26  common to questions of law and fact raised by the claims of each member of the Class.

27      22.    The claims of the representative Plaintiff are typical of the claims of each member

28  of the Class. Plaintiff has the same interest in this matter as all other members of the Class.

23.     The prosecution of separate claims by each individual member of the Class would create a risk of inconsistent or varying adjudications.

24.     The questions of law or fact common to the claims of the representative Plaintiff and the claims of each member of the class predominate over any questions of law or fact affecting individual members of the Class.  Class representation is superior to other available methods for the fair and efficient adjudication of this controversy.

25.     Questions of law and/or fact that are common include but are not limited to:

(A)     What did Defendant say about the alleged health benefits of Softsoap Antibacterial Hand Soap products over other soap products?  For example, Ms. Nieblas is informed and believes that Defendant perpetrated a misleading marketing and advertising campaign, in a uniform and pervasive manner, wherein Defendant deceptively represented benefits of Softsoap Antibacterial Hand Soap products over other soaps.

(B)     Whether Defendants representations about the benefits of Softsoap Antibacterial Hand Soap products were likely to mislead consumers.

(C)     Whether defendants had a reasonable basis for making claims regarding the benefits of Softsoap Antibacterial Hand Soap products, e.g., whether Defendant has any reliable clinical evidence regarding the alleged antibacterial effects and whether or not such studies, if any, reasonably support Defendant's claims.

(D)     Whether Defendants engaged in unlawful conduct in violation of the Consumers Legal Remedies Act, Civil Code Section 1750 et seq.

(E)     Whether Defendants engaged in unfair, deceptive and/or unlawful practices that violated the Unfair Competition Law Section 17200 et seq.

(F)     Whether Defendants engaged in untrue and misleading advertising in violation of California Business & Professions Code Section 17500 et seq.

(G)     Whether the Defendants unfairly or unlawfully received and/or retained revenue acquired through the scheme alleged in this Complaint.

1      26.    A class certified for injunctive relief is appropriate because Defendants have acted

2   or refused to act on grounds generally applicable to the Class, thereby making appropriate final

3   injunctive relief with respect to the Class as a whole.

4      27.    Conjunctively or alternatively, a class certified for restitution is also appropriate.

5   Common questions of law and fact predominate over individual questions.  For instance, all

6   injuries sustained by any member of the class arise out of the singular conduct of Defendants in

7   uniformly providing information regarding Softsoap Antibacterial Hand Soap products that is

8   likely to mislead consumers and in offering and selling their products through unfair and illegal

9   conduct.

10     28.    A class action is superior to other available methods for the fair and efficient

11  adjudication of this controversy.  Even if any group of class members itself could afford individual

12  litigation, it would be unduly burdensome to the courts in which the individual litigation would

13  proceed.  The class action device is preferable to individual litigation because it provides the

14  benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single

15  court.

16     29.    Plaintiff's claims are typical of the claims of the Class in that the claims of all

17  members of the Class result from Defendants' sale and marketing of Softsoap Antibacterial Hand

18  Soap products as having specific benefits, while Defendants had no reason to believe their product

19  provided such benefits, and Softsoap Antibacterial Hand Soap products did not possess the claimed

20  benefits.  In fact, Softsoap Antibacterial Hand Soap products have ingredients which are currently

21  being tested for potential harmful effect on consumers' health.

22     30.    There is no conflict between the representative Plaintiff and other members of the

23  Class with respect to this action, or with respect to the claims for relief herein set forth.

24     31.    The named Plaintiff Nieblas is the representative party for the Class and is able to

25  and will fairly and adequately protect the interests of the Class.

26                                    V.

27                        **FIRST CAUSE OF ACTION**
                (Violation of Civil Code section 1750 et seq. ("CLRA"))
28                          (Against All Defendants)

**N&B**
ATTORNEYS AT LAW
SAN DIEGO

7

CLASS ACTION COMPLAINT

32.    Ms. Nieblas alleges and incorporates by reference each and every allegation contained above as if set forth at this point.

33.    The Consumer Legal Remedies Act ("CLRA"), specifically California Civil Code section 1770(a)(5), makes it unlawful for companies like Defendant Colgate-Palmolive "represent that goods or services have...benefits, or quantities which they do not have..." in the process of a transaction intended to result or resulting in sale of goods to a consumer.

34.    The CLRA, Civil Code section 1770(a)(9), also makes unlawful "advertising goods or services with intent not to sell them as advertised" in the process of a transaction intended to result or resulting in the sale of goods to a consumer.

35.    Defendants violated the CLRA by dishonestly representing Softsoap Antibacterial Hand Soap products as having particular health benefits for consumers, including but not limited to the express claim that Softsoap Antibacterial Hand Soap is "Clinically proven to eliminate 99% of the germs your family encounters." Defendants targeted Softsoap Antibacterial Hand Soap products to families, implying that using such products part of a line of defense protecting adults and children from harmful germs. Defendants expressly and impliedly represented that Softsoap Antibacterial Hand Soap products perform better than regular soap and water. The truth is that the FDA has determined that Triclosan provides no antibacterial benefit above regular soap and water.

36.    For example, on its product packaging of its "Softsoap® Brand Antibacterial Hand Soap with light moisturizers," Defendants indicate that the product "eliminates 99% of germs*" on the front of the liquid soap dispenser. On the rear label, the Defendants continue: "

> **Softsoap® Brand Antibacterial Hand Soap contains light moisturizers to help leave your hands feeling soft and is clinically proven to eliminate 99% of the germs your family encounters. Dermatologist tested.**

37.    These misrepresentations and omissions of Defendants were intended to result and did result in the sale of products sold and/or manufactured by Defendants to the consuming public and violated and continue to violate the CLRA.

38.    In reality, there is no clinical proof that Softsoap Antibacterial Hand Soap products are better than regular soap and water at eliminating germs or actually eliminate such germs. In fact, the active ingredient of Softsoap Antibacterial Hand Soap, Triclosan, might be harmful to

1   health according to the U.S. Food and Drug Administration. The FDA reported that animal studies

2   showed Triclosan altered hormone regulation and may raise the possibility of contributing to

3   bacteria resistant to antibiotics.

4        39.    Triclosan is a chlorophenol, a class of chemicals which is suspected of causing

5   cancer in humans. It is found in products such as clothing, kitchenware, furniture, toys, toothpaste,

6   adhesives, fabrics, floor wax emulsions, caulking compounds, carpeting and latex paints, where,

7   according to the U.S. Environmental Protection Agency, it acts to slow or stop the growth of

8   bacteria, fungi and mildew.  Companies that manufacture products with Triclosan register the

9   ingredient as a pesticide with the U.S. Environmental Protection Agency.  The EPA gives

10  Triclosan high scores both as a human health and environmental risk.

11       40.    While the U.S. Food and Drug Adminstration received evidence in 1997 that

12  Triclosan was effective in preventing gingivitis in toothpaste (Defendant's Colgate Total

13  toothpaste), the FDA has not received any evidence that Triclosan provides any extra benefit to

14  health in other uses.

15       41.    A 2002 study by the National Institutes of Health agreed that "Antibacterial soaps

16  are no better at killing germs than regular soap." The American Medical Association and Canadian

17  Pediatric Society among other groups have concluded that antibacterial soaps and washes are no

18  more effective than regular soap and water in everyday use for fighting infection.

19       42.    In 2007, University of Michigan, Columbia University and Tufts University

20  scientists determined that soaps containing Triclosan in liquid soap do not show a benefit above

21  and beyond plain soap in a consumer environment.

22       43.    In April 2010, U.S. Rep. Edward J. Markey of Massachusetts, chairman of the

23  House of Representatives Energy and Commerce Subcommittee on Energy and the Environment

24  called for restrictions on the use of Triclosan after the U.S. Food and Drug Administration

25  acknowledged to him that it was worried about the possible health risks of the chemical. In

26  January, Rep. Markey wrote to the FDA requesting information about the status of its ongoing

27  review of Triclosan products.

28       44.    Unless restrained and enjoined, Defendant will continue to engage in the above

1   described conduct. Accordingly, injunctive relief is appropriate.

2        45.    As a result of Defendants' conduct, Ms. Nieblas and the Class are entitled to

3   restitution of the amounts that they expended in the purchase Softsoap Antibacterial Hand Soap

4   products.

5        46.    Ms. Nieblas has standing to bring an action pursuant to the CLRA on behalf or

6   herself and the Class because Ms. Nieblas and the members of the Class have sustained damage as

7   a result of Defendants' wrongful conduct. At this time, Ms. Nieblas is not seeking the recovery of

8   damages under the CLRA as a result of Defendants' wrongful conduct. Simultaneously with the

9   filing of this Complaint, however, Ms. Nieblas has provided Defendant with the preliminary notice

10   required by Section 1782 of the CLRA. In the event Defendant fails to correct, replace, rectify, or

11   otherwise remedy its conduct, or, if appropriate, seek leave of Court to amend this Complaint to

12   seek recovery of damages sustained by Ms. Nieblas and the Class based on Defendants' violations

13   of the CLRA.

14        47.    Ms. Nieblas has incurred attorney's fees and costs in connection with the filing of

15   this Complaint and anticipates incurring addition attorney's fees and costs in connection with the

16   prosecution of this action. An award of attorney's fees is therefore appropriate pursuant to, among

17   other grounds, Civil Code § 1780(d).

18                            **VI.**

19                   **SECOND CAUSE OF ACTION**
                  **(Negligent Misrepresentation)**

20                    **(Against All Defendants)**

21        48.    Plaintiff alleges and incorporates by reference each and every allegation contained

22   above as if set forth at this point.

23        49.    When Defendants made the above-referenced representation about Softsoap

24   Antibacterial Hand Soap products providing specific health benefits, they had no reasonable

25   ground for believing them to be true.

26        50.    Defendants made the above-referenced representations with the intention of

27   inducing Plaintiffs to act in reliance on these representations by purchasing Softsoap Antibacterial

28   Hand Soap products.

1    51.    Plaintiff and the Class members reasonably relied on the Defendants'
2    representations regarding health benefits and had no reason to believe they were false.  The
3    Defendants' representations and omissions concerned issues material to the transactions in
4    question.  Plaintiff Nieblas and other Class members would not have purchased Softsoap
5    Antibacterial Hand Soap products, absent Defendants' misrepresentations, if the true facts had
6    been known.

7    52.    As a direct and proximate result of Defendants' wrongful acts, Ms. Nieblas and the
8    Class have suffered and continue to suffer damages.  Ms. Nieblas seeks compensatory damages in
9    an amount to be proven at time of trial.  Plaintiff seeks noneconomic damages caused by
10   Defendants' misrepresentations.

11                                          **VII.**

12                               **THIRD CAUSE OF ACTION**
                    **(Violation of Business & Professions Code Section 17200 et seq.)**
13                              **(Against All Defendants)**

14   53.    Plaintiff alleges and incorporates by reference each and every allegation contained
15   above as if set forth at this point.

16   54.    California's unfair competition law (Bus. & Prof. Code sections 17200 et seq.,
17   referred to as the "UCL") defines unfair competition as any "unfair," "unlawful," or "fraudulent"
18   business act or practice.  The UCL provides, among other things, injunctive relief and restitution
19   for violations. (Bus. & Prof. Code § 17203.)

20   55.    Defendants' actions constitute unfair business acts and practices.  Defendants
21   misrepresented the health benefits of using Softsoap Antibacterial Hand Soap products in order to
22   reap windfall profits that they did not earn by inducing consumers to purchase a product materially
23   different than the one they thought they were purchasing.   This practice causes Defendants to
24   compete unfairly with other soap manufacturers that fairly represent their products to consumers
25   and that do provide products that live up to their representations.

26   56.    Defendants' actions constitute fraudulent business acts and practices. Defendants'
27   representations are likely to deceive the general public.  For example, Defendants' representations
28   infer that certain health benefits are "clinically proven" when in fact they are not.  In fact, certain

**N&B**
ATTORNEYS AT LAW
SAN DIEGO

11

CLASS ACTION COMPLAINT

1  health benefits advertised as clinically proven have been disputed and/or disproven within the

2  medical community and governmental authorities.  Defendant expressly and impliedly represents

3  that purchasing their antibacterial product with Triclosan as the active ingredient will result in

4  better results than regular soap and water.

5      57.    This practice is not only unfair and fraudulent, but it is unlawful as it violates

6  California and Federal statutes including the CLRA, the FAL and the Federal Trade Commission

7  Act (§ 4); the Federal Food, Drug, and Cosmetic Act (21 U.S.C. §§ 343(a)(1), 321(g)(1)(B).).

8      58.    Plaintiff relied on Defendants' advertising and lost money or property as a result of

9  Defendants' unfair competition.  She was induced into purchasing a product she ultimately did not

10  want.  If Defendants had not made the misrepresentations regarding health benefits, Ms. Nieblas

11  would have never purchased the product.

12      59.    Plaintiff, as a representative of a class of persons with common or general interest,

13  is entitled to bring an action to enjoin Defendants' wrongful practices and to obtain restitution for

14  the monies paid to Defendants by reason of their wrongful practices.  Plaintiff may bring such

15  action on behalf of the class of people with common or general interest pursuant to the UCL.

16      60.    Plaintiff and the Class have lost money in sums exceeding the jurisdictional

17  minimum of this Court, to be proven at the time of trial.  Plaintiff and the Class request this Court

18  order, as it is empowered to order, restitution to all persons from whom Defendants may have

19  unfairly taken money.

20      61.    Defendants' unfair competition presents a continuing threat to members of the

21  general public in that Defendants are continuing, and will continue, unless enjoined, to commit

22  unlawful, unfair, and/or fraudulent business acts or practices.  Plaintiff requests that this Court

23  order, as it is empowered to order, a preliminary and permanent injunction against such acts and

24  practices.

25      62.    Plaintiff seeks recovery of all attorneys' fees and litigation expenses pursuant to

26  Code of Civil Procedure section 1021.5.  Alternatively, Plaintiff seeks recovery of all attorneys'

27  fees and all litigation expenses pursuant to the substantial benefit doctrine.  Plaintiff also seeks

28  recovery of all attorneys' fees and other litigation expenses to be paid under the common fund

1   doctrine or other authority requiring Defendants to pay Plaintiff's attorneys' fees and litigation

2   expenses.

3                                            **VIII.**

4                            **FOURTH CAUSE OF ACTION**
                  **(Violation of Business & Professions Code Section 17500 et seq.)**
5                            **(Against All Defendants)**

6       63.    Plaintiff alleges and incorporates by reference each and every allegation contained

7   above as if set forth at this point.

8       64.    Defendants advertised and marketed Softsoap Antibacterial Hand Soap products as

9   possessing specific health benefits, as described more fully above.

10      65.    Defendants knew or should have known that their advertisements, as alleged above,

11  were untrue, misleading, and likely to mislead the public.   For example, Defendants'

12  representations infer that certain health benefits are "clinically proven" when in fact they are not.

13  In fact, certain health benefits advertised as clinically proven have been disputed and/or disproven

14  within the medical community and governmental authorities. Defendant expressly and impliedly

15  represents that purchasing their antibacterial product with Triclosan as the active ingredient will

16  result in better results than regular soap and water.

17      66.    Defendants have committed acts of false and misleading advertising, as defined by

18  Business & Professions Code sections 17500 et seq., by engaging in the acts and practices

19  described above with the intent to induce members of the public to purchase Defendants' products.

20  At the time that Defendants made the above referenced misrepresentations in their marketing and

21  advertisements, they knew or should have known that the advertising was untrue, misleading,

22  and/or likely to mislead the public.  For instance, the advertising implies that the health benefits are

23  widely accepted in the medical community when in fact they are not.

24      67.    Defendants' untrue and misleading advertising and marketing, as described above,

25  presents a continuing threat to members of the general public in that Defendants are continuing,

26  and will continue, unless enjoined, to commit such violations of Business & Professions Code

27  sections 17500 et seq.  This Court is empowered to, and should, grant preliminary and permanent

28  injunctive relief against such acts and practices.

68.     Plaintiff relied on Defendants' advertising and lost money or property as a result of Defendants' unfair competition.  She was induced into purchasing a product she ultimately did not want.  If Defendants had not made the misrepresentations regarding health benefits, Ms. Nieblas would have never purchased the product.

69.     Defendants were able to charge a higher price for their Softsoap Antibacterial Hand Soap products, to Plaintiff and the Class, than it would have been able to charge if Defendants were truthful in marketing and advertising their Softsoap Antibacterial Hand Soap products.

70.     This Court is empowered to, and should, order restitution to all persons from whom Defendants may have unfairly and/or unlawfully taken money in order to accomplish complete justice.

71.     Plaintiff also seeks recovery of all attorneys' fees and litigation expenses pursuant to Code of Civil Procedure section 1021.5.  Alternatively, Plaintiff seeks recovery of all attorneys' fees and all litigation expenses pursuant to the substantial benefit doctrine.  Plaintiff also seeks recovery of all attorneys' fees and other litigation expenses to be paid under the common fund doctrine or other authority requiring Defendants to pay Plaintiff's attorneys' fees and litigation expenses.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.     For an order certifying the class;

2.     For declaratory relief finding that Defendants have engaged in unfair, unlawful, or fraudulent business acts or practices in violation of Business & Professions Code sections 17200, et seq.;

3.     For declaratory relief in finding that Defendants have engaged in false advertising in violation of Business & Professions Code sections 17500, et seq.;

4.     For restitution, including accrued interest;

5.     For a temporary restraining order and a preliminary and permanent injunction

1    enjoining Defendants and their officers, directors, agents, distributors, servants,

2    employees, attorneys, and all others in active concert or participation with

3    Defendants, or any of them, jointly and severally, during the pendency of this

4    action and permanently thereafter from engaging in the scheme described above;

5    6.    For interest at the maximum rate allowed by law;

6    7.    For costs of suit;

7    8.    For attorneys' fees and all litigation expenses pursuant to the Civil Code section

8    1780(d) and Code of Civil Procedure section 1021.5.   Alternatively, for all

9    attorneys' fees and all litigation expenses to be awarded pursuant to the substantial

10    benefit doctrine, the common fund doctrine, or any other provision of law; and

11    9.    For such other and further relief as the Court may deem just and proper.

12

**X.**

13

**<u>DEMAND FOR JURY TRIAL</u>**

14    Plaintiff demands trial by jury for all issues so triable.

15

16            **NICHOLAS & BUTLER, LLP**

17

18    Dated: October __, 2010        By:

19                    Matthew B. Butler
                             Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

# Exhibit  B

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Shon Morgan (Bar No. 187736)
2    shonmorgan@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California  90017-2543
   Telephone:     (213) 443-3000
4  Facsimile:     (213) 443-3100

5  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Margret M. Caruso (Bar No. 243473)
6    margretcaruso@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
7  Redwood Shores, CA 94065
   Telephone:  (650) 801-5000
8  Facsimile:  (650) 801-5100

9  Attorneys for COLGATE-PALMOLIVE COMPANY

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                              COUNTY OF ORANGE

12

13

14  TRACY NIEBLAS, an individual, on behalf      CASE NO. 30-2011-00447625-CU-BT-CXC
    of herself and all others similarly situated, and
    ROES 1 through 100, inclusive,               **DEFENDANT'S NOTICE OF REMOVAL
15                                               OF ACTION TO FEDERAL COURT**
                      Plaintiffs,
16                                               Date Action Filed: February 4, 2011
17            vs.
                                                 Date Set for Trial:  None set
18  COLGATE-PALMOLIVE COMPANY, a
    Delaware corporation; and DOES 1 through     Dept.         CXC-105
19  100, inclusive,                              Assigned to:   Hon. Nancy Wieben Stock

                      Defendants.
20

21

22

23

24

25

26

27

28

1 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2

3 |     **PLEASE TAKE NOTICE THAT** defendant Colgate-Palmolive Company has removed

4 | this action to the United States District Court for the Central District of California.  A true and

5 | correct copy of the Notice of Removal filed in the federal court is attached hereto as Exhibit 1.

6 | Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case

7 | is remanded."

8

9 | DATED:  March 17, 2011

            QUINN EMANUEL URQUHART &
SULLIVAN LLP

10

11

12 | By _Shon Morgan /vp)_
Shon Morgan
Attorneys for defendant Colgate-Palmolive
Company

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California  90017-2543.

4        On March 17, 2011, I served true copies of the following document(s) described as:

5    **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

6        on the interested parties in this action as follows:

7    NICHOLAS & BUTLER, LLP, Matthew B.
     Butler (SBN 201781)
8    225 Broadway, 19th floor, San Diego, CA
     92101
9    (619) 325-0492
     *Attorneys for Plaintiff,* TRACY NIEBLAS

10

11

12

13

14

15

16   **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
     deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with
17   postage thereon fully prepaid.

18   I declare under penalty of perjury under the laws of the State of California that the foregoing is
     true and correct.
19

20

21       I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.

22       Executed on March 17, 2011, at Los Angeles, California.

23

24   _____
     Amy Kuzio
25

26

27

28

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

TRACY NIEBLAS, an individual, on behalf of herself and all others similarly situated, and Does 1 through 100, inclusive

**DEFENDANTS**

COLGATE-PALMOLIVE COMPANY, a Delaware corporation; and does 1 through 100, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

NICHOLAS & BUTLER, LLP, Matthew B. Butler (SBN 201781)
225 Broadway, 19th floor, San Diego, CA 92101
(619) 325-0492

Attorneys (If Known)

Quinn Emanuel Urquhart & Sullivan, LLP
Shon Morgan (Bar. No. 187736)
865 S. Figueroa St., 10th floor, Los Angeles, CA 90017-2543
(213) 443-3100

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act 28 U.S.C. §§ 1332(d)(2), 1453(b).

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury- Med Malpractice
- ☐ 365 Personal Injury- Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Acco-mmodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: _____

SACV11-00438

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Tracy Nieblas - Orange County, state of California | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Colgate-Palmolive - Delaware or New York |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   *Shon Morgan /VR*   Date  *March 17, 2011.*

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## SACV11- 438 JST (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY